JOEL T. ANDREESEN, EAQ., SBN 152254
VICTORIA L. HARP, ESQ., SBN 323937
**RODRIGUEZ & ASSOCIATES**
**A Professional Law Corporation**
1128 Truxtun Avenue
Bakersfield, CA 93301
Phone (661) 323-1400 Fax (661) 323-0132

Attorneys for Plaintiff, Emily Macut, a minor, by and through her guardian ad litem, Sarah Mebane

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Emily Macut, a minor, by and through her guardian ad litem, Sarah Mebane,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**WABASH NATIONAL CORPORATION; MP TRANS INC.; WILLIE BOYD; PHILIP PORTWOOD FAMILY TRUST; and DOES 1 through 100, Inclusive,**<br><br>    **Defendants.** | **Case No.: 1:22-CV-00231-JLT-BAK**<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES FOR**:<br><br>1. **WRONGUL DEATH [C.C.P. §337.60, et. seq.]**<br><br>2. **SURVIVAL / NEGLIGENCE [C.C.P. §377.30, et. seq.];**<br><br>3. **STRICT LIABILITY;**<br><br>    **DEMAND FOR JURY TRIAL** |

    **FOR CAUSES OF ACTION AGAINST DEFENDANTS, AND EACH OF THEM, PLAINTIFF, EMILY MACUT, a minor, by and through her guardian ad litem, Sarah Mebane, DOES HEREBY COMPLAIN AND ALLEGE AS FOLLOWS:**

## THE PARTIES

    1.    Decedent JOSHUA MACUT (hereinafter "DECEDENT," unless provided otherwise) is, and at all times mentioned was, a resident of the County of Kern, State of California.

2.      DECEDENT died as a result of the wreck/vehicle collision on June 7, 2021, and is survived by his biological child, EMILY MACUT, a minor by and through her guardian ad litem, SARAH MEBANE, and as heir at law and successor in interest to JOSHUA MACUT.

3.      Plaintiff EMILY MACUT is one of the "surviving", natural "children" and "issue" of Decedent JOSHUA MACUT and an heir-at-law of Decedent JOSHUA MACUT pursuant to California Code of Civil Procedure Section 377.60(a) and California Probate Code Section 6402(a) and has standing to maintain a cause of action for the Wrongful Death of her father, Decedent JOSHUA MACUT.  Plaintiff EMILY MACUT is also a "successor in interest" and "beneficiary" of her father Decedent JOSHUA MACUT'S estate pursuant to California Code of Civil Procedure Sections 377.30 and 377.11 as Plaintiff EMILY MACUT "succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."

4.      Plaintiff EMILY MACUT, a minor by and through her guardian ad litem, SARAH MEBANE, is the only "successor in interest" and "beneficiary" of  her father Decedent JOSHUA MACUT'S estate, who is qualified to "commence an action or proceeding as the decedent's successor in interest."  Plaintiff EMILY MACUT has standing to pursue a cause of action for "Wrongful Death" for "the death of a person (her father, Decedent JOSHUA MACUT) caused by the wrongful act or neglect of another" under California Code of Civil Procedure Sections 377.60.  Plaintiff EMILY MACUT also has standing to pursue causes of action for "Personal Injury/Survival" "that survive the death of the person (Decedent JOSHUA MACUT)" and "pass to the decedent's successor in interest (Plaintiff EMILY MACUT)" under California Code of Civil Procedure Sections 377.60.

5.      Plaintiff EMILY MACUT is, and at all times mentioned was, a resident of the County of Kern, State of California, and brings this claim by and through her guardian SARAH MEBANE, for the injuries sustained.

6.      Defendant WABASH NATIONAL CORPORATION (hereinafter "WABASH," unless provided otherwise) is, and at all times mentioned was, a corporation incorporated under the laws of the State of Delaware.

7.      Plaintiff is informed and believes, and based thereupon alleges, that Defendant WABASH, at the time of filing the initial complaint in this matter, had its principal place of business in the State of California, and is authorized to do business and doing business in California.

8.      Plaintiff is informed and believes, and based thereupon alleges, that Defendant WABASH will claim that its principal place of business/ "nerve center" is located in the State of Indiana, however, the corporation's board and high-level officers direct, control, and coordinate Defendant WABASH's activities remotely. Plaintiff is informed and believes, and based thereupon alleges, that Defendant WABASH'S business activities are directed, (including product development, exporting, marketing, production, research, service, etc.) in the State of California.

9.      Defendant MP TRANS INC. (hereinafter "MP TRANS," unless provided otherwise) is, and at all times mentioned was, an Indiana corporation authorized to do business in California.  Based on information and belief, Defendant MP TRANS owned the Freightliner and Wabash Duraplate Semi Trailer (Indiana License Plate Nos. 3014954 and SP956HLW, respectively) that was being driven by Defendant BOYD at the time of the June 7, 2021 wreck / vehicle collision.

10.      Defendant WILLIE BOYD (hereinafter "BOYD," unless provided otherwise) is, and at all times mentioned was, unable to be located by the Plaintiff.  Defendant BOYD was, at all times herein mentioned, including at the time of the wreck / vehicle collision acting in the course and scope of his employment and agency with Defendant MP TRANS INC. and DOES 1-50.

11.      Defendant WILLIE BOYD (hereinafter "BOYD," unless provided otherwise) has a warrant out for his arrest in Kern County, California, as of the date of the initial Complaint filing and this First Amended Complaint filing.

12.      At all times herein mentioned, Defendant MP TRANS INC. and DOES 1-50 employed Defendant WILLIE BOYD and Defendant WILLIE BOYD was in the course and

scope of his employment and was an agent of Defendant WILLIE BOYD and DOES 1-50 at time the time of the wreck / vehicle collision.

13.     Defendant PORTWOOD FAMILY TRUST (hereinafter "PORTWOOD," unless provided otherwise) is, and at all times mentioned was, a California Trust.

14.     Plaintiff is informed and believes, and based thereupon, that Defendant PORTWOOD, is a California Trust that is comprised of, at a minimum, the individuals Philip Portwood and Sue Portwood, as trustees, who are residents of the County of Kern, State of California.

15.     Defendant PORTWOOD FAMILY TRUST owns the real property identified by the APN 071-180-21, commonly addressed as 17081 Magnolia Ave., Wasco, California, 93280, which is at the intersection of Magnolia Avenue and Merced Avenue in Wasco, California.

16.     The fictitiously named defendants named herein as DOES 1 through 100 are sued pursuant to the provisions of Section 474 of the Code of Civil Procedure.  Plaintiffs are informed and believe, and upon the basis of such information and belief allege, that each fictitious defendant was in some way responsible for, participated in or contributed to the matters and things of which Plaintiffs complain herein, and in some fashion have legal responsibility therefor.  When the exact nature and identity of such fictitious defendants' responsibility for, participation in and contribution to the matters and things herein alleged are ascertained by plaintiffs, Plaintiffs will seek leave to amend this Complaint and all proceedings herein to set forth the same.

## JURISDICTION AND VENUE

17.     This cause of action arises out of events which occurred at the intersection of Magnolia Avenue and Merced Avenue in the City of Shafter, County of Kern, State of California, on June 7, 2021, between parties which do not have complete diversity of citizenship.

18.     The original Complaint, filed on February 8, 2022 in the Kern County Superior Court and this First Amended Complaint, do not contain any causes of action arising under any federal statute; further, each and every cause of action stated by Plaintiff is a state law claim.

19.     Plaintiff MACUT is, and at all times mentioned was, a resident of the County of Kern, State of California, while Defendant PORTWOOD FAMILY TRUST is, and at all times mentioned was, a California trust, with its trustees and beneficiaries in the County of Kern, California.

20.     Plaintiff is informed and believes, and based thereupon alleges, that Defendant WABASH, at the time of filing the initial complaint in this matter, had its principal place of business in the State of California

21.     The subject accident occurred in the Superior Court of the County of Kern's jurisdiction and a substantial part of the events or omissions giving rise to the claims occurred in the County of Kern, State of California.

### GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

22.     This is an action by Plaintiff for wrongful death, personal injuries/survival and products liability arising out of a wreck / vehicle collision, which occurred on June 7, 2021 at the intersection of Magnolia Avenue and Merced Avenue, in the City of Shafter, County of Kern, State of California.

23.     DECEDENT was the driver in the 2015 Toyota Tacoma bearing California License Plate No. 80315U1.

24.     At all times herein mentioned, Defendant PORTWOOD was the legal owner of the real property identified by the APN 071-180-21, commonly addressed as 17081 Magnolia Ave., Wasco, California, 93280, which is at the intersection of Magnolia Avenue and Merced Avenue in Wasco, California. Defendant PORTWOOD owned, leased, occupied, and/or controlled the real property identified by the APN 071-180-21, commonly addressed as 17081 Magnolia Ave., Wasco, California, 93280.

25.     At all times herein mentioned, defendant BOYD was operating the Freightliner and Wabash Duraplate Semi Trailer (Indiana License Plate Nos. 3014954 and SP956HLW, respectively), which is owned by Defendant MP TRANS INC.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

26.     On June 7, 2021, based on information and belief, DECEDENT was traveling eastbound on Merced Avenue on a dry roadway, while the weather was clear and warm at approximately 1200 hours.

27.     Defendant BOYD was traveling southbound on Magnolia Avenue.

28.     On June 7, 2021, and at all times relevant, there was a stop sign at the intersection of Magnolia Avenue and Merced Avenue for all vehicles traveling northbound or southbound on Magnolia Avenue.

29.     On June 7, 2021, and at all times relevant, there were no traffic signs or traffic markers for vehicles proceeding eastbound or westbound on Merced Avenue.

30.     On June 7, 2021, and at all times relevant, all vehicles traveling on Magnolia Avenue must necessarily yield to all vehicles traveling on Merced Avenue.

31.     California Vehicle Code Section 21802(a) states the following: "The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop as required by Section 22450. The driver shall then yield the right-of-way to any vehicles which have approached from another highway, or which are approaching so closely as to constitute an immediate hazard, and shall continue to yield the right-of-way to those vehicles until he or she can proceed with reasonable safety."

32.     On June 7, 2021, Defendant BOYD progressed through the intersection on Mongolia Avenue, failing to yield to DECEDENT, traveling on Merced Avenue.

33.     On June 7, 2021, Defendant BOYD relayed to California investigators that he was unable to see west of Magnolia Avenue, onto Merced Avenue, due to the orchard.

34.     The vegetation/ cultivation of the real property identified by the APN 071-180-21, commonly addressed as 17081 Magnolia Ave., Wasco, California, 93280, owned and controlled by Defendant PORTWOOD impeded Defendant BOYD'S ability to see all approaching vehicles travelling on Merced Avenue.

35.     Kern County Ordinance No. G-8697, § 6, 4-4-17 states: "Every owner, manager and person in possession, charge or control of any property shall keep it free and clear of all accumulations of weeds or other hazardous growths which may attract, harbor or provide a

6

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

breeding place for insects or rodents, create a fire hazard or otherwise be or become a hazard to health, safety and welfare of the public. Any property or premises not kept free of such accumulations is a public nuisance and may be abated as provided in this chapter."

36.     Defendant PORTWOOD did not maintain their real property's tree branches and vegetation to provide a clear view of approaching vehicles on Merced Avenue in violation of Kern County Ordinance No. G-8697, § 6, 4-4-17. Defendant PORTWOOD did not keep its property clear of tree growth which created a hazard to the health, safety, and/or welfare of the public traveling at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California.

37.     On impact, DECEDENT'S Tacoma crashed into the right side of Defendant MP TRANS' Wabash Duraplate Semi Trailer that Defendant BOYD was driving. At impact, the right-side skirt of MP TRANS' Wabash Duraplate Semi Trailer was crushed, dented, and bent, allowing DECEDENT'S Tacoma to go under the right side of the trailer, resulting in catastrophic damage to the passenger compartment of the 2015 Toyota Tacoma. As the direct and proximate result of the horrific crash, DECEDENT, JOSHUA MACUT, died.

38.     Defendant MP TRANS' Wabash Duraplate Semi Trailer was manufactured by Defendant WABASH and was a 2017 Dry Van Duraplate Model.  Defendant WABASH'S 2017 Dry Van Duraplate Model Semi Trailer had inadequate underride protection on the sides of the trailer, as neither side had an underride protection guard.

39.     The height of the right and left side Defendant WABASH'S 2017 Dry Van Duraplate Model Semi Trailer proximately caused DECEDENT'S Tacoma to underride the trailer.

40.     When a lower profile passenger vehicle physically does travel underneath the higher profile commercial motor vehicle, the first point of impact is often beyond the hood and into the glass windshield. The second point of impact then becomes the head, face, neck, spine, and chest of the lower profile vehicle's occupant.

41.     According to its 10-K SEC filing for the Fiscal Year Ending December 31, 2021, Defendant WABASH'S core customer base is made up of the nation's largest truckload common

carriers, leasing companies, private fleet carriers, less-than-truckload common carriers and package carriers. Further, the SEC filing states Defendant WABASH is the leading provider of trailers to a significant number of top tier trucking companies, generating a revenue base that has helped to sustain Defendant WABASH as one of the market leaders.

42.     According to its 10-K SEC filing, Defendant WABASH is a manufacturer of goods widely used in commerce and is thereby subject to product liability claims. Defendant WABASH seeks to serve the entire U.S. trucking and transportation market through the production of its semi-trailers. Defendant WABASH maintains at least one facility in California.

43.     Defendant WABASH is engaged in the business of designing, manufacturing and marketing semi-trailers. Defendant WABASH holds three patents, issued in April 2012, February 2020, and March 2021 for side underride guards. At the 2017 North American Commercial Vehicle Show Defendant WABASH showed off a 53-ft Duraplate HD trailer with a prototype side impact guard designated as a Side Underride Guard with Aero Skirt. Defendant WABASH boasted that the combination side impact guard and skirt prototype passed tests for a 90-degree centerline vehicle impact at 35 miles per hour.

44.     In Defendant WABASH'S 2012 and 2020 Patent Application, Defendant WABASH claims: "Truck trailers typically have a higher elevation than passenger vehicles. This presents a risk that a passenger vehicle will underride the trailer in an accident, potentially resulting in damage to the underriding vehicle and injury to occupants therein. Accordingly, some trailers may include a side protection device, or underride guard, to reduce the risk of such passenger vehicles underriding the trailer. The side protection device is intended to reduce the extent to which a "passenger vehicle" (as defined in 49 C.F.R. Part 571S) can intrude under the side of a trailer, diminishing passenger compartment intrusion."

45.     Defendant WABASH is in the business of designing, testing, manufacturing, distributing and selling trailers, including the semi-trailer involved in the motor vehicle collision that resulted in the death of DECEDENT, JOSHUA MACUT. Defendant WABASH, through its actions and those of its affiliated/parent/subsidiary companies and agents, conducts substantial business in California, in that it causes its products to be marketed, distributed, sold and used

within the State of California. As such, Defendant WABASH derives significant revenue from its activities and the sale/use of its products in the State of California. Through its actions, Defendant Wabash has consented to the jurisdiction of this Court and reasonably anticipates being sued in California courts.

46.    Plaintiff is informed, believes and alleges thereon that, at all times mentioned herein, each fictitiously named DOE Defendant is responsible in some manner or capacity for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by said DOE Defendants.

47.    Plaintiffs are informed and believe, and thereon allege, that on June 7, 2021, Defendants BOYD, MP TRANS, and DOES 1-100 and each of them, owned, operated, loaded, drove, leased, manufactured, controlled, maintained, dispatched or were otherwise responsible for the Freightliner and Wabash Duraplate Semi Trailer (Indiana License Plate Nos. 3014954 and SP956HLW, respectively). Plaintiffs are further informed and believe, and thereon allege, that defendants, and each of them, in doing and in failing to do the things alleged in this Complaint, were, at all times herein mentioned, the agents or employees of each other and were, at all times herein mentioned, acting within the time, purpose and scope of said agency and that defendants, and each of them, ratified the acts of each other.

48.    On June 7, 2021, Defendants BOYD, WABASH, MP TRANS, and DOES 1-100 were negligent in the driving, operation, ownership, maintenance and control of the Freightliner and Wabash Duraplate Semi Trailer.  Defendant BOYD negligently failed to yield to DECEDENT when Defendant BOYD proceeded into the intersection in violation of Vehicle Code Sections 21802(a).

49.    The Subject Wabash Duraplate Semi Trailer was not equipped with any shield, guard, or other device, to prevent vehicles, such as DECEDENT'S from under-riding the side of the Subject Wabash Duraplate Semi Trailer. The Subject Wabash Duraplate Semi Trailer failed to clear the intersection and DECEDENT'S vehicle collided with and under-rode the side of the Subject Semi-Trailer.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

50.     The negligent actions and inactions of BOYD, and the other defendants, proximately caused a collision to occur between the vehicle and caused a fatality to DECEDENT.

51.     As a direct and proximate result of said tortuous acts, omissions, negligence, or conduct of Defendants BOYD, MP TRANS, WABASH, PORTWOOD, and DOES 1-100, DECEDENT JOSHUA BOYD suffered severe injuries which ultimately caused his death after conscious physical pain and emotional suffering.

## FIRST CAUSE OF ACTION

### (FOR WRONGFUL DEATH (C.C.P. SECTION 377.60, ET. SEQ.) BY PLAINTIFF AGAINST ALL DEFENDANTS)

52.     Plaintiff hereby re-alleges and incorporates the foregoing paragraphs hereinabove as though fully set forth herein.

53.     Pursuant to California Code of Civil Procedure Section 377.60 "Wrongful death," a DECEDENT'S surviving children can maintain "a cause of action for the death of a person caused by the wrongful act or neglect of another." Plaintiff EMILY MACUT, a minor by and through her guardian ad litem, SARAH MEBANE, is the surviving child of DECEDENT and has standing to bring this action for the Wrongful Death of her father, DECEDENT, under California Code of Civil Procedure Section 377.60(a) and California Probate Code Section 6402(a) and as also hereinabove alleged.

54.     This cause of action for Wrongful Death under California Code of Civil Procedure Section 377.60 is based on Negligence including the Negligence theories of Motor Vehicle Negligence (negligent operation of a vehicle in the course and scope of employment); Negligence Per Se; Negligent Entrustment; and General Negligence.

55.     On or about June 7, 2021, traveling at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California and at all times herein mentioned, Defendants BOYD, MP TRANS and DOES 1-100, inclusive, had a duty of due care to own, maintain, operate and drive Defendants' Freightliner and Wabash Duraplate Semi Trailer in a

reasonable and careful manner, in accordance with the speed limit and under such control that it would not strike other vehicles, including the Tacoma being driven by DECEDENT.

56.     In the ordinary course of business, the Subject Wabash Duraplate Semi Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold, and/or placed into the stream of commerce such that it reached the State of California by the acts of Defendant WABASH. The intended purpose of the Subject Wabash Duraplate Semi Trailer was and is to transport good across the United States highway system, including highways and streets in the State of California. At the time of the crash, the Subject Wabash Duraplate Semi Trailer was used in a manner reasonably anticipated by Defendant WABASH.

57.     On or about June 7, 2021, traveling at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California and at all times herein mentioned, Defendants BOYD, MP TRANS and DOES 1-100, inclusive, breached their duty of due care when they negligently owned, maintained, operated and drove Defendants' Freightliner and Wabash Duraplate Semi Trailer, failing to yield the right-of-way to any vehicles which constitute an immediate hazard and proceeding with inattention to traffic conditions and negligently out of control such that Defendants' Wabash Duraplate Semi Trailer impeded and was under-rode by the right-of-way Tacoma DECEDENT was driving.

58.     At the time of the Subject crash, the Subject Wabash Duraplate Semi Trailer was without substantial change in the condition in which it was designed, manufactured, tested, inspected, assembled, distributed, sold and/or placed into the stream of commerce by Defendant WABASH. At the time of the Subject crash, the Subject Wabash Duraplate Semi Trailer was in substantially the same condition as when it left the control of Defendant WABASH, except for reasonably anticipated wear and tear.

59.     Defendant WABASH owed a duty to the general motoring public, including DECEDENT JOSHUA MACUT, to design, manufacture, assemble test, market, and/or distribute the Subject Wabash Duraplate Semi Trailer such that it was reasonably safe for intended and/or foreseeable operation.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

60.     Defendant WABASH knew that the Subject Wabash Duraplate Semi Trailer would be used without inspection for defective or unreasonably dangerous conditions and represented that the Subject Wabash Duraplate Semi Trailer could be safely used and would be fit for the ordinary purposes for which it was intended. At the time the Subject Wabash Duraplate Semi Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold, and/or placed into the stream of commerce, it was foreseeable to Defendant WABASH that vehicles would under-ride semi-trailers in motor vehicle collisions.

61.     At the time the Subject Wabash Duraplate Semi Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold and/or placed into the stream of commerce by Defendant WABASH, Defendant WABASH knew or should have known that occupants of a vehicle that under-rode a semi-trailer, such as the Subject Wabash Duraplate Semi Trailer, were subject to a heightened risk of injury or death. As part of its design and manufacture, and prior to placing it into the stream of commerce, Defendant WABASH equipped semi-trailers, including the Subject Semi-Trailer, with rear under-ride guards. Notwithstanding the aforesaid duty, Defendant WABASH failed to exercise reasonable care and caution with respect to the Subject Wabash Duraplate Semi Trailer, in that it failed to equip the Subject Semi-Trailer with any shield, guard or other device to prevent vehicles from under-riding the side of the Subject Wabash Duraplate Semi Trailer.

62.     On or about June 7, 2021, traveling at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California and at all times herein mentioned, Defendants BOYD, MP TRANS and DOES 1-100, inclusive, violated Vehicle Code Section 21802 and other provisions of the California Vehicle Code, The California Commercial Drivers Handbook and the California Drivers Handbook.  The negligent actions and inactions and failures to act reasonably and prudently in the operation / driving, maintenance and control of the Freightliner and Wabash Duraplate Semi Trailer by Defendants BOYD, MP TRANS and DOES 1-100 caused the Subject Semi-Trailer to fail to clear the intersection and DECEDENT'S vehicle to collide with the side of the Subject Semi-Trailer.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

63.     On or about June 7, 2021, Defendants WABASH, MP TRANS and DOES 1-100, inclusive, negligently entrusted the Defendants' Freightliner and Wabash Duraplate Semi Trailer to Defendant BOYD.

64.     On or about June 7, 2021, Defendants WABASH, MP TRANS and DOES 1-100, inclusive, negligently hired, trained and supervised their employee and agent Defendant BOYD such that Defendant BOYD, who was improperly trained and who was improperly supervised, operated the Defendants' Freightliner and Wabash Duraplate Semi Trailer in a negligent manner. Defendants' negligent training and supervision of Defendant BOYD resulted in Defendant BOYD driving in a negligent manner and proximately caused Defendants' Freightliner and Wabash Duraplate Semi Trailer to impede DECEDENT'S Tacoma.

65.     The vegetation/ cultivation of the real property identified by the APN 071-180-21, commonly addressed as 17081 Magnolia Ave., Wasco, California, 93280, owned and controlled by Defendant PORTWOOD impeded Defendant BOYD'S ability to see all approaching vehicles travelling on Merced Avenue. Defendant PORTWOOD did not maintain their real property's tree branches and vegetation to provide a clear view of approaching vehicles on Merced Avenue in violation of Kern County Ordinance No. G-8697, § 6, 4-4-17. Defendant PORTWOOD did not keep its property clear of tree growth which created a hazard to the health, safety, and/or welfare of the public traveling at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California.

66.     Defendant PORTWOOD had a duty to those travelling at or near their property, particularly where there is the foreseeability of harm or peril, where public roadways and views are obstructed by the vegetation maintained/controlled/owned by Defendant PORTWOOD.

67.     As a direct and proximate result of said tortious acts, omissions, negligence, or conduct of Defendants, and each of them, DECEDENT JOSHUA MACUT'S Tacoma collided with the Defendants' Wabash Duraplate Semi Trailer, and DECEDENT'S Tacoma under-rode Defendants' Semi-Trailer. As a direct and proximate result of the actions of Defendants BOYD, MP TRANS, WABASH, PORTWOOD, and DOES 1-100, DECEDENT died after colliding with the Subject Semi-Trailer. EMILY MACUT, a minor by and through her guardian ad litem,

13

SARAH MEBANE, as heir-at-law of DECEDENT has sustained and incurred, and is certain in the future to sustain and incur losses, injuries, and damages for wrongful death under C.C.P. Section 377.60, et seq., which are itemized as follows:

    (a)  Funeral and burial expenses in a sum to be determined according to proof. Plaintiff will request leave of Court to determine the total amount thereof, once the same has been ascertained;

    (b)  The value of DECEDENT's financial support to be determined according to proof; and

    (c)  Plaintiff has been deprived of the services, love, society, care, comfort, protection, guidance, companionship and affection of DECEDENT, he having been a loving and devoted father to PLAINTIFF.

### SECOND CAUSE OF ACTION

**(FOR SURVIVIAL / NEGLIGENCE (C.C.P. SECTION 377.30, ET. SEQ.) BY PLAINTIFF AS SUCCESSOR IN INTEREST TO HER FATHER DECEDENT JOSHUA MACUT AGAINST ALL DEFENDANTS)**

68.    Plaintiff hereby re-alleges and incorporates the foregoing paragraphs hereinabove as though fully set forth herein.

69.    Pursuant to California Code of Civil Procedure Section 377.30 "Decedent's Cause of Action," "a cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Plaintiff EMILY MACUT, a minor by and through her guardian ad litem, SARAH MEBANE, is the successor-in-interest to the Estate of Joshua Macut and to Decedent JOSHUA MACUT pursuant to C.C.P. Section 377.30 and as also hereinabove alleged. Plaintiff may commence and maintain causes of action that survive Decedent JOSHUA MACUT'S death. This Survival cause of action is based on Negligence including the Negligence theories of Motor Vehicle Negligence (negligent operation of a vehicle in the course and scope of employment); Negligence Per Se; Negligent Entrustment; and General Negligence.

70.     On or about June 7, 2021, at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California, and at all times herein mentioned, Defendants BOYD, MP TRANS and DOES 1-100, inclusive, had a duty of due care to own, maintain, operate and drive Defendants' Freightliner and Wabash Duraplate Semi Trailer in a reasonable and careful manner, in accordance with the speed limit and under such control that it would not strike other vehicles, including the Tacoma being driven by DECEDENT.

71.     In the ordinary course of business, the Subject Wabash Duraplate Semi Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold, and/or placed into the stream of commerce such that it reached the State of California by the acts of Defendant WABASH. The intended purpose of the Subject Wabash Duraplate Semi Trailer was and is to transport good across the United States highway system, including highways and streets in the State of California. At the time of the crash, the Subject Wabash Duraplate Semi Trailer was used in a manner reasonably anticipated by Defendant WABASH.

72.     On or about June 7, 2021, at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California , and at all times herein mentioned, Defendants BOYD, MP TRANS and DOES 1-100, inclusive, breached their duty of due care when they negligently owned, maintained, operated and drove Defendants' Freightliner and Wabash Duraplate Semi Trailer, failing to yield the right-of-way to any vehicles which constitute an immediate hazard and proceeding with inattention to traffic conditions and negligently out of control such that Defendants' Wabash Duraplate Semi Trailer was under rode by the Tacoma DECEDENT was driving.

73.     At the time of the Subject crash, the Subject Wabash Duraplate Semi Trailer was without substantial change in the condition in which it was designed, manufactured, tested, inspected, assembled, distributed, sold and/or placed into the stream of commerce by Defendant WABASH. At the time of the Subject crash, the Subject Wabash Duraplate Semi Trailer was in substantially the same condition as when it left the control of Defendant WABASH, except for reasonably anticipated wear and tear.

1    74.    Defendant WABASH owed a duty to the general motoring public, including

2  DECEDENT JOSHUA MACUT, to design, manufacture, assemble test, market, and/or

3  distribute the Subject Wabash Duraplate Semi Trailer such that it was reasonably safe for

4  intended and/or foreseeable operation.

5    75.    Defendant WABASH knew that the Subject Wabash Duraplate Semi Trailer

6  would be used without inspection for defective or unreasonably dangerous conditions and

7  represented that the Subject Wabash Duraplate Semi Trailer could be safely used and would be

8  fit for the ordinary purposes for which it was intended. At the time the Subject Wabash

9  Duraplate Semi Trailer was designed, manufactured, assembled, tested, marketed, distributed,

10  sold, and/or placed into the stream of commerce, it was foreseeable to Defendant WABASH that

11  vehicles would under-ride semi-trailers in motor vehicle collisions.

12    76.    At the time the Subject Wabash Duraplate Semi Trailer was designed,

13  manufactured, assembled, tested, marketed, distributed, sold and/or placed into the stream of

14  commerce by Defendant WABASH, Defendant WABASH knew or should have known that

15  occupants of a vehicle that under-rode a semi-trailer, such as the Subject Wabash Duraplate Semi

16  Trailer, were subject to a heightened risk of injury or death. As part of its design and

17  manufacture, and prior to placing it into the stream of commerce, Defendant WABASH

18  equipped semi-trailers, including the Subject Semi-Trailer, with rear under-ride guards.

19  Notwithstanding the aforesaid duty, Defendant WABASH failed to exercise reasonable care and

20  caution with respect to the Subject Wabash Duraplate Semi Trailer, in that it failed to equip the

21  Subject Semi-Trailer with any shield, guard or other device to prevent vehicles from under-riding

22  the side of the Subject Wabash Duraplate Semi Trailer.

23    77.    On or about June 7, 2021, traveling at or near the intersection of Magnolia

24  Avenue and Merced Avenue in Kern County, California and at all times herein mentioned,

25  Defendants BOYD, MP TRANS and DOES 1-100, inclusive, violated Vehicle Code Section

26  21802 and other provisions of the California Vehicle Code, The California Commercial Drivers

27  Handbook and the California Drivers Handbook.  The negligent actions and inactions and

28  failures to act reasonably and prudently in the operation / driving, maintenance and control of the

Freightliner and Wabash Duraplate Semi Trailer by Defendants BOYD, MP TRANS and DOES 1-100 caused the Subject Semi-Trailer to fail to clear the intersection and DECEDENT'S vehicle to collide with the side of the Subject Semi-Trailer.

78.     On or about June 7, 2021, Defendants WABASH, MP TRANS and DOES 1-100, inclusive, negligently entrusted the Defendants' Freightliner and Wabash Duraplate Semi Trailer to Defendant BOYD.

79.     On or about June 7, 2021, Defendants WABASH, MP TRANS and DOES 1-100, inclusive, negligently hired, trained and supervised their employee and agent Defendant BOYD such that Defendant BOYD, who was improperly trained and who was improperly supervised, operated the Defendants' Freightliner and Wabash Duraplate Semi Trailer in a negligent manner. Defendants' negligent training and supervision of Defendant BOYD resulted in Defendant BOYD driving in a negligent manner and proximately caused Defendants' Freightliner and Wabash Duraplate Semi Trailer to impede DECEDENT'S Tacoma.

80.     The vegetation/ cultivation of the real property identified by the APN 071-180-21, commonly addressed as 17081 Magnolia Ave., Wasco, California, 93280, owned and controlled by Defendant PORTWOOD impeded Defendant BOYD'S ability to see all approaching vehicles travelling on Merced Avenue. Defendant PORTWOOD did not maintain their real property's tree branches and vegetation to provide a clear view of approaching vehicles on Merced Avenue in violation of Kern County Ordinance No. G-8697, § 6, 4-4-17. Defendant PORTWOOD did not keep its property clear of tree growth which created a hazard to the health, safety, and/or welfare of the public traveling at or near the intersection of Magnolia Avenue and Merced Avenue in Kern County, California.

81.     Defendant PORTWOOD had a duty to those travelling at or near their property, particularly where there is the foreseeability of harm or peril, where public roadways and views are obstructed by the vegetation maintained/controlled/owned by Defendant PORTWOOD.

82.     As a direct and proximate result of said tortious acts, omissions, negligence, or conduct of Defendants, and each of them, DECEDENT JOSHUA MACUT'S Tacoma collided with the Defendants' Wabash Duraplate Semi Trailer, and DECEDENT'S Tacoma under-rode

Defendants' Semi-Trailer. As a direct and proximate result of the actions of Defendants BOYD, MP TRANS, WABASH, PORTWOOD, and DOES 1-100, DECEDENT died after colliding with the Subject Semi-Trailer.

83.    As a direct and proximate result of said tortuous acts, omissions, negligence, or conduct of Defendants BOYD, MP TRANS, WABASH, PORTWOOD, and DOES 1-100, DECEDENT JOSHUA BOYD suffered severe injuries which ultimately caused his death after conscious physical pain and emotional suffering. As a direct and proximate result of the aforesaid wrongful acts and/ or omissions, and the resulting death of JOSHUA MACUT, Plaintiff, on behalf of her father, has sustained the following damages:

        a)   The pain and suffering experienced by JOSHUA MACUT between the time of injury and his death.

## THIRD CAUSE OF ACTION

### (STRICT LIABILITY BY PLAINTIFF AGAINST DEFENDANT WABASH AND DOES 1-100, INCLUSIVE)

84.    Plaintiff hereby re-alleges and incorporates the foregoing paragraphs hereinabove as though fully set forth herein.

85.    Pursuant to California Code of Civil Procedure Section 377.60 "Wrongful death," a DECEDENT'S surviving children can maintain "a cause of action for the death of a person caused by the wrongful act or neglect of another." Plaintiff EMILY MACUT, a minor by and through her guardian ad litem, SARAH MEBANE, is the surviving child of DECEDENT and has standing to bring this action for the Wrongful Death of her father, DECEDENT, under California Code of Civil Procedure Section 377.60(a) and California Probate Code Section 6402(a) and as also hereinabove alleged.

86.    This cause of action for Wrongful Death under California Code of Civil Procedure Section 377.60 is based on Strict Liability.

87.    Defendant WABASH and DOES 1-100, inclusive, owed a duty to the general motoring public, including DECEDENT JOSHUA MACUT, to design, manufacture, assemble

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

test, market, and/or distribute the Subject Wabash Duraplate Semi Trailer such that it was reasonably safe for intended and/or foreseeable operation.

88.     Defendant WABASH and DOES 1-100, inclusive, knew that the Subject Wabash Duraplate Semi Trailer would be used without inspection for defective or unreasonably dangerous conditions and represented that the Subject Wabash Duraplate Semi Trailer could be safely used and would be fit for the ordinary purposes for which it was intended.

89.     At the time the Subject Wabash Duraplate Semi Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold, and/or placed into the stream of commerce, it was foreseeable to Defendant WABASH that vehicles would under-ride semi-trailers in motor vehicle collisions.

90.     At the time the Subject Wabash Duraplate Semi Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold and/or placed into the stream of commerce by Defendant WABASH, Defendant WABASH knew or should have known that occupants of a vehicle that under-rode a semi-trailer, such as the Subject Wabash Duraplate Semi Trailer, were subject to a heightened risk of injury or death.

91.     As part of its design and manufacture, and prior to placing it into the stream of commerce, Defendant WABASH and DOES 1-100, inclusive, equipped semi-trailers, including the Subject Semi-Trailer, with rear under-ride guards.

92.     Notwithstanding the aforesaid duty, Defendant WABASH and DOES 1-100, inclusive, failed to exercise reasonable care and caution with respect to the Subject Wabash Duraplate Semi Trailer, in that it failed to equip the Subject Semi-Trailer with any shield, guard or other device to prevent vehicles from under-riding the side of the Subject Wabash Duraplate Semi Trailer.

93.     The Subject Wabash Duraplate Semi Trailer was not equipped with any shield, guard, or other device, to prevent vehicles, such as DECDENT'S from under-riding the side of the Subject Wabash Duraplate Semi Trailer. The Subject Wabash Duraplate Semi Trailer failed to clear the intersection and DECEDENT'S vehicle collided with and under-rode the side of the Subject Semi-Trailer.

94.     The negligent actions and inactions of WABASH, and the other defendants, proximately caused a collision to occur between the vehicle and caused a fatality to DECEDENT.

95.     As a direct and proximate result of said tortuous acts, omissions, negligence, or conduct of Defendants WABASH, and DOES 1-100, DECEDENT JOSHUA BOYD suffered severe injuries which ultimately caused his death after conscious physical pain and emotional suffering.

96.     As a direct and proximate result of the aforesaid wrongful acts and/ or omissions, and the resulting death of JOSHUA MACUT, Plaintiff, on behalf of her father, has sustained the following damages:

    a)        The pain and suffering experienced by JOSHUA MACUT between the time of injury and his death.

    b)        Funeral and burial expenses in a sum to be determined according to proof. Plaintiff will request leave of Court to determine the total amount thereof, once the same has been ascertained;

    c)        The value of DECEDENT's financial support to be determined according to proof; and

    d)        Plaintiff has been deprived of the services, love, society, care, comfort, protection, guidance, companionship and affection of DECEDENT, he having been a loving and devoted father to PLAINTIFF.

**WHEREFORE,** EMILY MACUT, a minor, by and through her Guardian Ad Litem, prays for judgment against Defendants, and each of them, as follows:

1.     For loss of financial support and contributions from the DECEDENT, in an amount to be shown according to proof at the time of trial;

2.     For all expenses incurred in the care, preparation, transportation and delivery of DECEDENT's body for funeral, and for funeral and burial expenses according to proof; and

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

3.      For general damages for loss of love, aid, comfort, care, society, devotion, services, protection, training, guidance, companionship, relationship and affection of DECEDENT JOSHUA MACUT, according to proof at the time of trial.

4.      For the pain and suffering experienced by JOSHUA MACUT between the time of injury and his death.

5.      For costs of suit incurred herein and prejudgment interest;

6.      For other such other and further relief as the court deems just and proper and

DATED:  March 14, 2022                **RODRIGUEZ & ASSOCIATES**


By: __/s/Victoria Harp_____
                            JOEL ANDREESEN, ESQ.
                            VICTORIA HARP, ESQ.
                            Attorneys for Plaintiff