1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   EMILY MACUT, a minor, by and            Case No. 1:22-cv-00231-JLT-CDB
     through her guardian ad litem SARAH
12   MEBANE,                                 **ORDER GRANTING PLAINTIFF'S
                                             MOTION TO REMAND**
13                   Plaintiffs,
                                             (ECF No. 11)
14          v.

15   WABASH NATIONAL
     CORPORATION, ET AL.,
16
                     Defendants.
17

18

19

20          Before the Court is Plaintiff's Motion to Remand, filed March 15, 2022. (ECF No. 11,

21   "Motion").  Defendant Wabash National Corporation ("Wabash") filed an Opposition on March

22   24, 2022 (ECF No. 14, "Opposition"), to which Plaintiff filed a Reply on April 1, 2022. (ECF No.

23   17, "Reply").

24          On November 29, 2022, following consent of the parties, the Court referred Plaintiff's

25   pending Motion to be resolved by the undersigned.[1]  Pursuant to Local Rule 230(g), the Court

26   deems the motion suitable for decision on the parties' briefs and without oral argument.  For the

27   ────────────────
                [1] Plaintiff's Motion properly is before and decided by the undersigned pursuant to 28 U.S.C. §
28   636(b)(1)(A) & (c)(1) and Local Rule 302(a) (E.D. Cal. 2022) following the parties' stipulation and
     consent to magistrate judge jurisdiction over the motion.  (ECF Nos. 30, 31).

1   reasons set forth below the Court GRANTS Plaintiff's Motion to Remand.

2   **BACKGROUND**

3       This is an action brought by Emily Macut, a minor, on behalf of herself, and as the

4   successor in interest of her father, Joshua Macut ("the Decedent") following his death in an

5   automobile collision in Shafter, California (Kern County) on June 7, 2021.  (ECF No. 10, First

6   Amended Complaint ("FAC")).

7       Plaintiff alleges that Defendant Willie Boyd, while driving a semi-trailer manufactured by

8   Defendant Wabash and owned by Defendant MP Trans Inc., failed to yield to and collided with a

9   vehicle driven by the Decedent.  (FAC ¶ 48).  Plaintiff alleges that Defendant Boyd's failure to

10  yield was influenced in part by vegetation on property located in the vicinity of the collision,

11  owned and operated by Defendant Portwood Family Trust (Portwood), which allegedly impeded

12  Boyd's ability to see a stop sign (*Id.* ¶¶ 34-36).

13      Plaintiff raises claims of wrongful death under C.C.P. § 377.60, *et seq.*, negligence under

14  C.C.P. § 377.30, *et seq.*, as well as strict liability against Defendant Wabash.

15      On February 8, 2022, Plaintiff (by and through her guardian ad litem) filed a lawsuit in the

16  Superior Court of the State of California, County of Kern, against Wabash, MP Trans, and Boyd,

17  as well as "Does 1 through 100."  (ECF No. 1-1).  On February 23, 2022, Wabash timely filed a

18  Notice of Removal and asserted that removal was proper pursuant to 28 U.S.C. § 1332(a)(1)

19  because the matter is between citizens of different states and the amount in controversy exceeds

20  the sum of $75,000 (ECF No. 1).

21      Defendants did not file an answer either in Superior Court or in this Court.  Instead, on

22  March 10, 2022, Wabash filed a motion to dismiss.  (ECF No. 8).  On March 15, 2022, Plaintiff

23  filed the FAC along with the Motion.  (ECF Nos. 10, 11).  In the FAC, Defendant Portwood was

24  newly added as a named defendant in the action.  The parties do not dispute that Portwood is a

25  citizen of California for purposes of diversity jurisdiction.

26  **PARTIES POSITIONS AND CONTENTIONS**

27      Plaintiff contends that Wabash's removal is not supported by a preponderance of evidence

28  for three independent reasons.  First, Plaintiff asserts that diversity jurisdiction is lacking as

1   Portwood is a citizen of California (and, hence, there is not "complete diversity" because

2   Plaintiff, too, is a citizen of California).  Second, Plaintiff claims that diversity jurisdiction also is

3   lacking because Wabash is a citizen of California (even though Wabash is incorporated under the

4   laws of the State of Delaware and has a principal place of business in Indiana).  Lastly, Plaintiff

5   asserts that the amount in controversy does not meet the $75,000.00 threshold.

6        In its Opposition, Wabash contends that Portwood's citizenship is irrelevant to the

7   question of diversity because it was not a party to the action when the Notice of Removal was

8   filed and, hence, Portwood's later joinder to the case cannot defeat diversity jurisdiction.  Wabash

9   also challenges Plaintiff's claim that Wabash is a citizen of California, and maintains that the

10  amount in controversy exceeds $75,000.  Wabash also argues that the Court should deny

11  Plaintiff's Motion as she did not satisfy the meet and confer requirements pursuant to the Court's

12  standing order.[2]  (ECF No. 6).

13  **LEGAL STANDARD**

14       28 U.S.C. § 1332(a) vests district courts with original jurisdiction of all civil actions

15  where the amount in controversy exceeds $75,000 and is between citizens of different states.

16  However, "the district court must remand '[i]f at any time before final judgment it appears that

17  the district court lacks subject matter jurisdiction.'"  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044

18  (9th Cir. 2014) (quoting 28 U.S.C. § 1447(c).  "The removal statute is strictly construed against

19  removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking

20  the statute." *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)

21  (citation omitted); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087

22  (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").

23  Accordingly, federal courts reject jurisdiction and remand the case to state court if there is any

24  doubt as to the right of removal.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,

25  1090 (9th Cir. 2003) (per curiam).  A defendant seeking removal of an action from state court

26

27        [2] The parties dispute whether Plaintiff properly met and conferred with Defendants prior to filing
    the Motion.  Given Counsel for Plaintiff's attestation that she discussed Plaintiff's intent to file a motion to
28  remand during the parties' conference prior to Wabash's filing of its motion to dismiss, the Court finds no
    violation of its meet/confer rule.  (Reply, Ex. A, ¶ 4).

1    bears the burden of establishing complete diversity by a preponderance of the evidence.

2    *Robertson v. GMAC Mortg., LLC*, 640 Fed. Appx. 609, 613 (9th Cir. 2016) (citing *Valdez v.*

3    *Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004)) (unpublished).

4                                              **DISCUSSION**

5              "If after removal the plaintiff seeks to join additional defendants whose joinder would

6    destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

7    action to State court." 28 U.S.C. § 1447 (e).  Section 1447(e) is "couched in permissive terms"

8    and "clearly gives" district courts discretion in deciding whether to permit or deny the joinder of a

9    non-diverse defendant.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

10   "[W]here a proposed amendment would add a non-diverse party after removal – thereby

11   precluding existing, diversity jurisdiction – there is greater discretion in determining whether to

12   allow the amendment." *Murphy v. American General Life Ins. Co.*, 74 F.Supp.3d 1267, 1278

13   (C.D. Cal. 2015).  In deciding whether to deny or permit joinder under Section 1447(e), courts

14   commonly analyze the following six factors:

15                        (1)[W]hether the party to be joined is needed for just adjudication
                          and would be joined under Federal Rule of Civil Procedure 19(a); (2)
16                        whether the statute of limitations would preclude an original action
                          against the new defendants in state court; (3) whether there has been
17                        an unexplained delay in requesting joinder; (4) whether joinder is
                          intended solely to defeat federal jurisdiction; (5) whether the claims
18                        against the new defendant appear valid; and (6) whether denial of
                          joinder will prejudice the plaintiff.
19
     *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d
20
     1008, 1011 (N.D. Cal. 2000) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.
21
     1998)).  *Accord*, *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000);
22
     *Negrete v. Meadowbrook Meat Co.*, 2012 WL 254039, at *3 (C.D. Cal. Jan. 25, 2012).
23
               Plaintiff first raised this six-factor test in its Reply to answer Wabash's argument in its
24
     Opposition that the joinder of Portwood following removal to this Court could not destroy
25
     complete diversity.  Instead of addressing the six-factor test, Wabash cites *Spencer v. U.S. Dist.*
26
     *Ct. for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004) for the proposition that "[c]hallenges to
27
     removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is
28

                                                       4

filed." *Id*.  However, *Spencer* dealt with an entirely different question not at issue here:  whether the post-removal joinder of a fully-diverse "forum defendant" ousted the district court of subject matter jurisdiction under 28 U.S.C. § 1441(b).  Indeed, the Court in *Spencer* expressly declined to address the effect of a post-removal joinder of a non-diverse defendant – the question presented in Plaintiff's Motion.  393 F.3d at 871.  *McNamara v. Wells Fargo Bank, N.A.*, 2018 WL 6435323 (C.D. Cal. Dec. 7, 2018).

Since *Spencer*, as noted above, the majority of district courts in the Ninth Circuit, including judges of this Court, have considered the precise removal scenario presented here – and applied the six-factor test under *IBC* to determine whether remand was warranted.  *E.g., Magana v. Archer Daniels Midland Co., Inc.*, No. 1:20-cv-00578-NONE-SKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021); *Keyes v. Home Depot U.S.A., Inc.*, No. 1:19-cv-00677-DAD-JLT, 2020 WL 3446847, at *2 (E.D. Cal. June 24, 2020); *Plasse v. Ford*, No. 2:17-cv-01136-TLN-EFB, 2017 WL 6033075, at *3 (E.D. Cal. Dec. 6, 2017).  Like these judges, the undersigned agrees the six-factor test applies here.

First, Plaintiff correctly asserts that Portwood is a properly joined party under Rule 15(a), which permits a plaintiff to amend her complaint once as a matter of course within 21 days of a defendant's filing of a motion to dismiss.  Rule 15(a)(1)(B).  Plaintiff complied with Rule 15(a) by filing the FAC five days after Wabash's motion to dismiss.

Next, Plaintiff reasonably claims that Portwood's joinder is necessary for a just adjudication.  That is consistent with Plaintiff's allegations that Portwood's negligence in allowing the vegetation on its property to obscure the stop sign proximately caused the collision between Boyd and the Decedent's vehicle.

Plaintiff also reasonably explains that litigation of the same issues in two forums would amount to a waste of judicial resource and risk inconsistent results.

Furthermore, without remand, Plaintiff may be deprived of the opportunity to recover all her damages she otherwise could be entitled to, while also allowing Wabash to limit its liability under Cal. Civil Code § 1431.2 by pointing to Portwood as a separate tortfeasor responsible for the Decedent's death.

1    In deciding whether Plaintiff unreasonably delayed in adding Portwood, courts must

2    consider if the "moving party knew or should have known the facts and theories raised by the

3    amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d

4    946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw*., 902 F.2d 1385, 1388 (9th Cir. 1990)).

5    Here, Plaintiff reasonably asserts that the state court action was commenced with a form

6    complaint and, at the time of filing, Plaintiff was unaware of the owner of the real property in the

7    vicinity of the collision.  (Reply at p. 4).

8    While any of the six factors may be determinative, and none are absolutely necessary to

9    the question of remand, the Court finds after considering the factors that Plaintiff has offered a

10    sufficient basis to warrant remand under §1447(e).  *Baker v. Nutrien Ag Solutions, Inc.*, No. 1:21-

11    cv-01490-DAD-SKO, 2022 WL 3142065, at *4 (E.D. Cal. Aug. 5, 2022).[3]

12    ### **CONCLUSION AND ORDER**

13    For the reasons set forth above, Plaintiff's Motion to Remand is GRANTED, and this

14    action is remanded back to the Kern County Superior Court.

15    IT IS SO ORDERED.

16    Dated:    __**December 19, 2022**__                  _____

17                                                                           UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

---

[3] Because the Court concludes that remand to state court is warranted for lack of diversity, the undersigned abstains from analyzing Wabash's arguments regarding its citizenship and the amount in controversy.